**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Joseph Virga, | ) | |
|     Plaintiff, | ) | Civil Action No. 3:15-cv-04323-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Arnold Shapiro Productions, Inc., A&E Television Networks, LLC, Richland County, and Leon Lott, in his individual capacity, | ) ) ) ) | **ORDER AND OPINION** |
| | ) | |
|     Defendants. | ) ) | |

Plaintiff Joseph Virga filed an action against Defendants Arnold Shapiro Products, Inc., A&E Television Networks, LLC, Richland County, and Leon Lott (collectively "Defendants"), seeking recovery of damages for injuries he suffered when he participated in the "Beyond Scared Straight" television program, which was filmed at a Richland County jail. (ECF No. 1 at 1.)[1]

This matter is before the court pursuant to Defendants' Motion to Compel HIPAA ("Health Insurance Portability and Accountability Act of 1996")-Compliant Release Forms against Plaintiff. (ECF No. 36.)

For the reasons set forth below, the court **GRANTS** Defendants' Motion to Compel HIPAA-Compliant Release Forms (ECF No. 36).

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 22, 2015, Plaintiff filed a complaint alleging that (1) Plaintiff suffered injuries as a direct result of the negligence and gross negligence of Defendant A&E and Defendant Shapiro

---

[1] The court notes that "Beyond Scared Straight" is a television program that follows people, typically teenagers, who enroll in programs that aim to deter criminal behavior by exposing the enrollees to the consequences of criminal behavior through jailhouse visits.

and (2) the acts and omissions by all Defendants violated Plaintiff's constitutional rights. (ECF No. 1 at 4-5 ¶¶ 22, 26 (citing 42 U.S.C. § 1983).) Plaintiff claims that he was "forced to undergo strenuous activity, was physically neglected, and was inadequately nourished and hydrated [causing] life-threatening injuries including rhabdomyolysis and acute renal injury caused by overexertion and dehydration." (ECF No. 1 at 1 ¶ 2.)

On August 18, 2016, Defendants filed a Motion to Compel Discovery Responses (ECF No. 30), which this court denied in a text order on September 21, 2016, because Defendants' Motion was untimely. (ECF No. 34.)

On December 6, 2016, Defendants filed a Motion to Compel Production of HIPAA-Compliant Release Forms claiming "Plaintiff has put his physical and mental health at issue in this lawsuit, and thus, Defendants are entitled to gain access to Plaintiff's medical records." (ECF No. 36 at 3 ¶ 11.)

## II. LEGAL STANDARD

The amended Fed. R. Civ. P. Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.,* 967 F.2d 980, 983 (4th Cir. 1992).

Fed. R. Civ. P. 33(b)(3) requires that each interrogatory, to the extent there is no objection, must be answered separately and fully in writing under oath. Fed. R. Civ. P. 34(a)(1)(A) permits a party to serve upon any other party a request within the scope of Rule 26(b) to produce and permit the requesting party to inspect, copy, test, or sample any designated tangible things. Fed. R. Civ. P. 34(b)(2)(B) requires that for each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the requests, including the reasons.

Fed. R. Civ. P. 37 states, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "For purposes of [Rule 37(a)], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is given to a district court's decision to grant or deny a motion to compel. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc., v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

### III. ANALYSIS

Defendant asserts that Plaintiff's medical records must be disclosed in discovery because "Plaintiff has put his physical and mental health at issue in this lawsuit." (ECF No. 36 at 3.) Defendant claims that Plaintiff has not adequately responded to requests for forms that are compliant with HIPAA privacy rules. (ECF No. 36 at 2.) As such, Defendant urges this court to grant the instant motion because "courts in the Fourth Circuit have routinely granted a defendant's

3

request for plaintiff to produce signed HIPAA-compliant release forms." (ECF No. 36 at 3 (citing *Jimoh v. Charlotte-Mecklenburg Hous. P'ship, Inc.* No. 3:08-CV-495-RJC-DCK, 2009 WL 4062881 (W.D.N.C. Nov. 20, 2009) (granting the defendant's motion to compel HIPAA-compliant authorization because the requested documents fell within a reasonable time frame and the plaintiff did not show the requests to be overbroad or objectionable)).)[2] The court observes that, in addition to the settled legal precedent, Defendants' Motion to Compel is unopposed by Plaintiff. Therefore, the court determines that Defendants are entitled to Plaintiff's medical records.

## IV. CONCLUSION

For the reasons above, the court **GRANTS** Defendants' Motion to Compel HIPAA-Compliant Release Forms (ECF No. 36). Plaintiff is required to provide the authorized HIPAA forms relevant to this order by January 31, 2017. The court **DENIES** without prejudice Defendant's request for reasonable costs and attorney's fees associated with this motion.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

January 18, 2017
Columbia, South Carolina

---

[2] Defendants cite additional cases of courts in the Fourth Circuit granting requests for production of HIPAA-compliant release forms. *See Shoemake v. Eli Lilly & Co.*, No. 5:13-CV-013-RLV-DCK, 2014 WL 683765 (W.D.N.C. Feb. 20, 2014); *see also Teague v. Target Corp.,* No. 306-CV-191, 2006 WL 3690642, at *2 (W.D.N.C. Dec. 11, 2006); *see generally Coffin v. Bridges,* No. 95-1781, 1995 WL 729489, *3 (4th Cir. Dec. 11, 1995).